# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | |
|---|---|
| JOHN THORNBURG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS; | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 5:18-06021-CV-RK |
| v. | )<br>) |
| INTELIFI, INC., | )<br>) |
| Defendant. | ) |

## ORDER REGARDING DISCOVERY DISPUTE

Before the Court are Plaintiff John Thornburg's objections to certain interrogatories and requests for production of documents. For the reasons stated on the record and below, Plaintiff's objections are **OVERRULED**. The Court **ORDERS** Plaintiff to produce the requested information, subject to the Stipulated Confidentiality and Protective Order ("Protective Order") (Doc. 48) and with proper redactions as discussed below.

### Background

Plaintiff claims, on behalf of himself and six nationwide putative classes, that Defendant violated the Fair Credit Reporting Act ("FCRA") by failing to obtain proper certifications from employers, failing to make certain disclosures, reporting inaccurate information, failing to use reasonable procedures to maximize accuracy, and reporting information that was more than seven years old. (Doc. 37.) Defendant seeks discovery of the following:

- "Adverse-action" letters Plaintiff has received, including attachments (e.g., from potential employers who obtained reports to conduct background checks);
- Reports concerning Plaintiff that were sent to or received by prospective employers;
- Transcripts of depositions Plaintiff gave in connection with prior FCRA claims;
- Background checks containing similar alleged inaccuracies that Plaintiff received from other entities;
- Plaintiff's tax returns and W-2s for the years 2013-2017;
- Plaintiff's current credit report from Equifax, Experian, or Transunion;
- Plaintiff's prior FCRA settlements with other entities; and
- Documents relating to Plaintiff's employment attempts for the past five years.

Plaintiff objects to Defendant's discovery requests on the grounds that (1) the information requested is irrelevant and not proportional to the needs of the case, and (2) Defendant has no "permissible purpose" for requesting consumer reports in violation of 15 U.S.C. § 1681b. On January 9, 2019, the Court held a telephone conference regarding Plaintiff's objections. Prior to the conference, the parties submitted discovery dispute summaries to the Court via email, per the Court's discovery dispute protocol. During the conference, the Court ruled that the requested information is discoverable, subject to a joint protective order and potential redactions. At the Court's direction, the parties then filed a joint motion for a protective order, which has been granted (Doc. 48), and submitted additional briefing to Chambers via email regarding categories of potential redactions.

## Discussion

### I. Relevance and Proportionality

For the reasons discussed during the conference and below, the Court believes that, generally, the information Defendant requests is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In making this determination, the Court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Plaintiff argues that the information sought is not relevant to the issues in the case. Defendant contends that the requested information is relevant to whether its report was accurate and also claims that Plaintiff may be a "serial" claimant who submits information to employers and applies for jobs in order to drum up FCRA claims. The Court further observes that Plaintiff admitted in the discovery responses that were submitted to the Court that he has filed 10 previous FCRA lawsuits.

The Court concludes that the requested information is relevant to whether Plaintiff was injured-in-fact under the FCRA, whether his claims are typical of the putative classes, and whether he is an adequate class representative. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (Injury-in-fact requires something more than "a bare procedural violation, divorced from any concrete harm."); *e.g.*, *Barry B. Roseman, D.M.D., M.D., Profit Sharing Plan v. Sports & Recreation*, 165 F.R.D. 108, 111 (M.D. Fla. 1996) (Prior litigation and credibility are relevant to typicality and adequacy of representation.). The Court further concludes that the breadth of the

information sought is not disproportionate to the needs of the case because Plaintiff seeks to certify a nationwide class and Defendant limited its requests to particular subject-matter areas over specified periods of time.  Accordingly, Plaintiff must produce the requested information subject to the Protective Order and with proper redactions, as discussed below.

**II.     15 U.S.C. § 1681b**

Plaintiff objects to several of Defendant's requests for consumer reports on the ground that Defendant has no "permissible purpose" for the reports in violation of § 1681b, which states:

> A person shall not use or obtain a consumer report for any purpose unless—
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).  One of the "permissible purposes" for furnishing a report under § 1681b is "[i]n response to the order of a court having jurisdiction to issue such an order." 15 U.S.C. § 1681b(a).  This Court has jurisdiction to issue such an order because it has federal question jurisdiction over this FCRA case.  28 U.S.C. § 1331.  To obtain these reports, Defendant must certify this purpose and any other permissible purpose in compliance with 15 U.S.C. §§ 1681b and 1681e.  Plaintiff must then produce the reports, subject to the Protective Order and with any proper redactions, as discussed below.

**III.    Proposed Redactions**

Plaintiff intends to redact the following: social security numbers; dates of birth; the names of dependent children; telephone numbers; contact information of third parties; references to medical conditions; references to family history; "any information regarding credit accounts;" confidential information of third parties disclosed during prior depositions; portions of deposition transcripts that are subject to a protective order; "other personal information not related to addresses, names, or incorrect dates of birth;" and other irrelevant information.

Defendant does not oppose redaction of information relating to medical conditions. Accordingly, Plaintiff may redact information relating to medical conditions.  As to the remaining categories, Defendant asserts that the redactions should not exceed what would be required by Rule 5.2 of the Federal Rules of Civil Procedure if the documents were filed in this Court.  Rule 5.2(a) requires filers to redact social security numbers and financial-account numbers, leaving only the last four digits; the names of minors, leaving only the minor's initials; and dates of birth,

3

leaving only the year.  With respect to these four categories of personal information—social security numbers, financial-account numbers, the names of minors, and dates of birth—the Court agrees with Defendant that Plaintiff should be allowed to redact only the information that Rule 5.2 would require if the documents were filed in this Court.  The Court also agrees with Defendant that Plaintiff may not redact family history information, because it may be relevant to the accuracy of Defendant's report, or contact information for third parties who may have relevant information.  The Protective Order contains sufficient mechanisms and safeguards to alleviate privacy concerns as to this information.

The Court defers ruling on the remaining proposed redactions.  Defendant concedes that it "cannot comment meaningfully" on proposed redactions to deposition transcripts without seeing them in redacted form.  The Court believes this logic also applies to Plaintiff's remaining proposed redactions of sensitive information he believes is irrelevant.  Accordingly, the Court concludes that a definitive ruling on the remaining issues would be premature at this stage.  If Plaintiff chooses to undertake the redaction he proposes, Plaintiff must identify the redacted information specifically enough that Defendant can identify what information is being withheld and why.  If Defendant believes a redaction is improper, it may request further relief from the Court.

### Conclusion

Accordingly, the Court **ORDERS** as follows:

1) Plaintiff's objections to Defendant's First Interrogatories Numbers 15 and 18 and Defendant's First Requests for Production Numbers 1, 2, 8, 9, 11, 12, and 13 are **OVERRULED**.
2) Plaintiff shall produce the requested information subject to the Court's Protective Order and with proper redactions consistent with this Order.
3) If the terms of any settlement agreements require Plaintiff to provide notice to other parties within a certain (but reasonable) period of time prior to disclosure pursuant to this Court's Order, and Plaintiff has not already provided such notice, Plaintiff may withhold production until it has provided the required notice and the notice period has expired.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
DATED:  January 25, 2019    UNITED STATES DISTRICT COURT